**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MIHEE LUCIA CHOE, | Case No. |
| Plaintiff, | JURY DEMANDED |
| v. | |
| VILLAGE OF MOUNT PROSPECT; QUINTEN JEDD, and ANTHONY ADDANTE, | |
| Defendants. | |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
<u>(Non-Prisoner Complaint)</u>**

**I.       The Parties to This Complaint**

1.   Plaintiff is Mihee L. Choe.   Plaintiff resides at 1618 Independence Avenue, Glenview, IL 60026.

2.   One of the defendants is the Village of Mount Prospect, the Mount Prospect Police Department (the "MPPD"), which is located at 911 E. Kensington Road, Mount Prospect, IL 60056.

3.   One of the defendants is Quinten Jedd who is believed to reside in Cook County, Illinois.  On information and belief, Defendant Jedd is an officer with the MPPD and is named in his official and individual capacity.

4.   One of the defendants is Anthony Addante who is believed to reside in Cook County, Illinois.  On information and belief, Defendant Addante is a commander with the MPPD and is named in his official and individual capacity.

1

## II.     Basis of Federal Jurisdiction

5.   Plaintiff brings this complaint under 42 U.S.C. § 1983, alleging deprivation of rights, privileges, or immunities secured by the Constitution and federal laws.  Plaintiff alleges that Defendants violated Plaintiff's rights to due process and to be secure against unreasonable searches and seizures.  Defendants acted "under color of law," namely as a law enforcement entity or officer.

## III.     Statement of the Claim

### A. Background Facts

6.   In or around January 2021, Plaintiff met an individual at the gym.  Plaintiff gave this individual—Ethan Ingraham—her telephone number.  Weeks later, Ingraham invited Plaintiff to a party.  Plaintiff attended the party.  Plaintiff talked very little with Ingraham.

7.   That brief interaction was the sum between Ingraham and Plaintiff.

8.   On 2021 March 23, Plaintiff was served with an order of protection ("OOP"), prohibiting Plaintiff from contacting Ingraham.

9.   On 2021 March 23, Plaintiff received a telephone call from Defendant Jedd. Defendant Jedd requested that Plaintiff attend the MPPD to respond to questions regarding Ingraham.  Plaintiff questioned Defendant Jedd for more specifics, but none were provided.

10. About one hour later, Plaintiff and Defendant Jedd met at the MPPD.  During this voluntary interview, Defendant Jedd showed Plaintiff images of text messages that purport to be from Plaintiff to Ingraham after the OOP had been served.

11.   Plaintiff denied having sent the text messages.  Plaintiff informed Defendant Jedd that she barely knew Ingraham and had not contacted him since the party two to four weeks before. Plaintiff informed Defendant Jedd that she had been shocked by the OPP.

-2-

12. Defendant Jedd placed Plaintiff under arrest. Plaintiff spent the night in jail. Plaintiff was required to defend herself against the OPP—which ultimately was proven to be a false allegation by Ingraham against Plaintiff.

13. Plaintiff spent time and money during 2021 and 2022 proving that the OPP was a ruse. During 2022, Ingraham continued to harass Plaintiff.

14. On 2022 August 5, Plaintiff went to the MPPD to report that Ingraham had been harassing her. Defendant Addante approached Plaintiff and aggressively told Plaintiff that the Ingraham investigation was closed. Defendant Addante was physically imposing and aggressively breached Plaintiff's personal space. Plaintiff adamantly stated to Defendant Addante that Plaintiff wanted to report Ingraham's harassment of her. Plaintiff—who is approximately 125 pounds—gently paced her hands on Defendant Addante, intending to communicate that Defendant Addante would not intimidate Plaintiff.

15. Defendant Addante violently threw Plaintiff to the ground, severely wrenching Plaintiff's back. Defendant Addante placed Plaintiff under arrest. Plaintiff remained in custody for over a week.

**B. Count 1: 42 U.S.C. § 1983 (against Defendants Jedd and Addante)**

16. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

17. Relevant to this action, Defendants Jedd and Addante always were acting under color of state law.

18. Defendants Jedd and Addante deprived Plaintiff of her liberty and property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

19. Defendants Jedd and Addante made an unreasonable and warrantless seizure of Plaintiff's person and personal property in violation of the Fourth Amendment to the Constitution of the United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States.

20. Defendants Jedd and Addante intentionally deprived Plaintiff of her constitutional rights.  At all times relevant hereto, these Defendants acted with malice, recklessness and total and deliberate disregard for the rights of Plaintiff.

**C.  Count 2:  Malicious prosecution (Against All Defendants)**

21. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

22. Defendants initiated criminal or civil proceedings against Plaintiff.

23. The criminal or civil proceedings terminated in Plaintiff's favor.

24. Defendants had no probable cause to support the criminal or civil proceedings.

25. Defendants maliciously initiated criminal or civil proceedings against Plaintiff.

26. Plaintiff has been damaged by Defendants maliciously initiated criminal or civil proceedings against Plaintiff.

**D.  Count 3:  False imprisonment (Against All Defendants)**

27. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

28. Defendants jailed Plaintiff without reasonable grounds to believe that Plaintiff had committed an offense.

-4-

## IV.     Request for Relief

29. Plaintiff has been damaged and requests a money judgment to compensate her to place her in a position that she was before Defendants damaged her.

30. Plaintiff seeks punitive damages.

31. Plaintiff seeks reimbursement of attorney's fees and costs.

## V.     Certification and Closing

32. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:   (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

33. Plaintiff demands a trial by jury.


Date:  <u>March 20, 2023</u>                    *s/Matthew Michael Wawrzyn*_____

                                                       Matthew M. Wawrzyn (ARDC#62763138)
                                                       matt@wawrzynllc.com
                                                       WAWRZYN LLC
                                                       200 East Randolph Street, Suite 5100
                                                       Chicago, IL 60601
                                                       (312) 235-3120 (telephone)
                                                       (312) 233-0063 (facsimile)

                                                       *Counsel for Mihee L. Choe*